IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) ) | CIVIL NO. 12-00481 HG-RLP |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| R.H., by and through her Guardian, K.R., | ) ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER AFFIRMING ADMINISTRATIVE HEARINGS OFFICER'S DECISION**

Plaintiff Department of Education, State of Hawaii, filed the instant appeal, in a case arising under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.

The Department of Education seeks the review and reversal of an Administrative Hearings Officer's Decision. The Decision at issue awarded compensatory education at a private school to a student who was denied a free appropriate public education.

The Administrative Hearings Officer's Decision is **AFFIRMED.**

1

## PROCEDURAL HISTORY

On February 25, 2011, Defendant R.H., by and through her Guardian, K.R., ("Defendant" or "the Family") filed a request for an impartial hearing (Case No. DOE-SY1011-099). Defendant challenged R.H.'s May 27, 2009 and April 27, 2010 Individualized Education Programs.

On June 20, 2011, the Administrative Hearings Officer ("Hearings Officer") issued a Decision, finding that Plaintiff Department of Education, State of Hawaii ("DOE"), denied R.H. a free appropriate public education ("FAPE") from February 25, 2009 up to and including February 25, 2011. (Admin. R. Resp. Ex. 5.)

On June 30, 2011, the Hearings Officer issued an Amendment to the June 20, 2011 Decision. The Amendment dismissed the Family's claim for compensatory education without prejudice to refiling once the DOE provided an eye exam for R.H. (Admin. R. Resp. Ex. 6.) The June 2011 Decision and the Amendment were not appealed.

On July 19, 2011, the Family filed a request for an impartial hearing (Case No. DOE-SY1112-002) for compensatory education, pursuant to the June 2011 Decision and Amendment in Case No. DOE-SY1011-099. (Admin. R. Ex. 1 at pgs. 3-4, ECF No. 10.)

On April 23 and 24, 2012, after multiple continuances, the

Administrative Hearing in DOE-SY1112-002 was held. (Admin. R., Ex. 45, Administrative Hearings Officer's Decision at pg. 4, Jul. 25, 2012, ECF No. 10.)

On July 25, 2012, the Administrative Hearings Officer issued a Decision, awarding R.H. compensatory education at a private school for the 2012-2013 school year, including summer Extended School Year. (Admin. R. Ex. 45, ECF No. 10.)

On August 24, 2012, the DOE filed a Complaint in the Hawaii Federal District Court, appealing the Administrative Hearings Officer's July 2012 Decision. (ECF No. 1.)

On February 28, 2013, the DOE filed an Opening Brief. (ECF No. 15.)

On April 4, 2013, the Family filed an Answering Brief. (ECF No. 17.)

On April 18, the DOE filed a Reply. (ECF No. 18.)

On June 17, 2013, the Court held a hearing and took the matter under submission.


## STATUTORY FRAMEWORK:
## THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT


Congress enacted the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., to financially assist state and local agencies in educating students with disabilities. See Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1469 (9th

Cir. 1993). The IDEA's goal is to ensure that children with disabilities are provided with a Free Appropriate Public Education ("FAPE") that is designed to meet their unique needs and prepare them for the future. 20 U.S.C. § 1400(d)(1)(A).

As a recipient of federal funds, the State of Hawaii, Department of Education must "establish and maintain procedures in accordance with [the IDEA] to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a [FAPE]."  20 U.S.C. § 1415(a).

The mechanism for ensuring a FAPE is through the development of a detailed, individualized instruction plan known as an Individualized Education Program ("IEP") for each child. 20 U.S.C. §§ 1401(9), 1401(14), and 1414(d). The IEP is a written statement, prepared at a meeting of qualified representatives of the local educational agency, the child's teacher, parent(s), and where appropriate, the child. The IEP contains, in part, a statement of the present levels of the child's educational performance, a statement of the child's annual goals and short term objectives, and a statement of specific educational services to be provided for the child. 20 U.S.C. §  1401(19). The IEP is reviewed, and if appropriate, revised, at least once each year. 20 U.S.C. § 1414(d).

4

A parent may challenge an IEP by filing a request for a due process hearing. 20 U.S.C. §§ 1415(b)(6), 1415(f). A challenge to an IEP may allege a procedural or substantive violation of the IDEA. J.W. ex rel. J.E.W. v. Fresno Unif. Sch. Dist., 626 F.3d 431, 432-33 (9th Cir. 2010). A procedural violation occurs when a State violates the IDEA's statutory or regulatory procedures in creating or implementing an IEP. A substantive violation occurs when a State offers an IEP that is not reasonably calculated to enable the child to receive a meaningful educational benefit. Id.

If a FAPE is denied, a child may be entitled various remedies, including compensatory education. Compensatory education is prospective injunctive relief that may be awarded to remedy an educational deficit created by a state's failure to provide a student with a FAPE. Hawaii Dep't of Educ. v. Zachary B., No. 08-00499, 2009 WL 1585816, at *9 (D. Haw. Jun. 5, 2009).


## BACKGROUND


### A.   R.H.'s Background

R.H. is a ten-year-old child, who has been qualified to receive special education and related services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., since 2005. (Admin. R. Resp. Ex. 5, Administrative Hearings Officer's Decision, June 20, 2011 "June 2011 Decision,"

at ¶ 6.) R.H.'s Guardian, K.R., is a blood relative of R.H., who adopted R.H. when she was one-year old, and brought her to Hawaii from Chuuk, the Federated States of Micronesia. (Complaint Ex. A, Admin. Hearings Officer's Decision, July 25, 2012 ("July 2012 Decision"), at pg. 6, ¶ 3, ECF No. 1.)

R.H. is currently qualified to receive special education and related services under the IDEA in the category of Multiple Disability. (July 2012 Decision, at pg. 1, ¶ 1, ECF No. 1.) A student falls within the category of Multiple Disability if he or she has "concomitant impairments," which cause severe educational needs. Haw. Admin. Rules § 8-60-39(h)(1). Students in the classification of Multiple Disability simultaneously exhibit sub-average intellectual functioning and deficits in the adaptive skills area. Most students in the classification have more than one significant disability. Id.; 34 C.F.R. § 300.8(c)(7).

R.H. was born with an abnormally small left eye and microcephaly, a condition in which an individual's head is abnormally small due to failure of brain growth. (July 2012 Decision, at pg. 6, ¶ 2, ECF No. 1.) She is blind in one eye and has limited vision in the other eye. R.H. also has limited speaking ability, exhibits maladaptive behaviors, and is unable learn in the same manner as neurotypical children. (July 2012 Decision, at pg. 9, ¶ 2.)

R.H. attended public school at Kipapa Elementary School

("Public School"), from pre-school in the 2005-2006 school year until partway through third grade, February 2011. (June 2011 Decision at ¶ 9.)

In February 2011, the Family removed R.H. from Public School and placed her in a private school, Autism Behavior Consulting Group, Inc.[1] ("ABC Group"). (July 2012 Decision, Student at ABC Center at ¶ 1.)  R.H. first attended ABC Group on a part-time basis. (Id. at ¶ 10.) In July 2011, R.H. began attending ABC Group full-time. (Id. at ¶ 14.)

**B.    June 2011 Decision Finding That R.H. Was Denied a FAPE**

On February 25, 2011, Defendant R.H., by and through her Guardian, K.R., ("Defendant" or "Family") filed a request for an impartial hearing (DOE-SY1011-099), challenging R.H.'s May 27, 2009 and April 27, 2010 Individualized Education Programs ("IEPs"). Defendant sought reimbursement for the costs of R.H.'s attendance at ABC Group and compensatory education.

On June 20, 2011, the Administrative Hearings Officer ("Hearings Officer") issued a Decision ("June 2011 Decision"), finding that the 2009 and 2010 IEPs procedurally and substantively denied R.H. a free appropriate public education ("FAPE"). (Admin. R. Resp. Ex. 5, June 2011 Decision at pg. 47.)

---

[1]     The Administrative Record also refers to Autism Behavior Consulting Group, Inc. as ABC Center.

The June 2011 Decision was amended on June 30, 2011, with regard to the compensatory education claim. (Admin R. Resp. Ex. 6, Amendment to the June 2011 Decision.)

The Hearings Officer found that the Department of Education ("DOE") procedurally and substantively denied R.H. a FAPE, in part, by failing to order an eye examination for R.H. prior to developing her 2008, 2009, and 2010 IEPs. Knowledge of R.H.'s vision and its impact on her ability to access her education is vital to developing an appropriate IEP. A FAPE was also procedurally denied because R.H.'s Guardian was not afforded an opportunity to participate in the IEP formulation process and did not understand R.H.'s rights pursuant to the IDEA. (Admin R. Resp. Ex. 6, Amendment to the June 2011 Decision.)

The Hearings Officer determined that the DOE was required to pay for R.H.'s attendance at ABC Group, a private school, for the 2010-2011 school year, including summer Extended School Year.[2] (Admin. R. Resp. Ex. 5, June 2011 Decision at pgs. 47-48.)

The Hearings Officer determined that she lacked the necessary information to determine an appropriate compensatory education package for R.H., including whether placement at ABC Group beyond summer Extended School Year 2011 would be appropriate. (Id. at pgs. 47-48.) The determination required

---

[2]    Extended School Year services are special education and related services provided beyond the normal school year to prevent regression. 34 C.F.R. § 300.106.

knowledge about R.H.'s vision and its impact on her ability to access her education. The DOE was ordered to provide an eye exam of R.H.(Admin R. Resp. Ex. 6, Amendment to the June 2011 Decision at pg. 2.)

The Hearings Officer found that it would be inequitable to preclude the request for compensatory education based on the DOE's "continued and long-standing failure" to assess R.H.'s vision. The Hearings Officer dismissed the claim for compensatory education without prejudice to re-filing once the eye examination had been provided. (Admin R. Resp. Ex. 6, Amendment to the June 2011 Decision at pg. 3.)

The DOE did not appeal the June 2011 Decision and Amendment in DOE-SY1011-099.

## C.   July 2012 Administrative Decision Awarding Compensatory Education

On July 19, 2011, Defendant filed a request for an impartial hearing (DOE-SY1112-002) for compensatory education, pursuant to the June 2011 Decision and Amendment (DOE-SY1011-099).[3] (Admin.

---

[3]     The DOE became obligated to pay for R.H.'s attendance at ABC Group upon the filing of Defendant's request, pursuant to the IDEA's stay put provision, 20 U.S.C. § 1415(j). The IDEA's stay put provision provides that the state is responsible for the costs of a student's current educational placement during administrative or court review proceedings, regardless of which party ultimately prevails. Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings, 903 F.2d 635, 641 (9th Cir. 1990). Stay put requires the DOE to pay for R.H. attending ABC Group through the instant appeal, pursuant to stay put.

R. Ex. 1, at pg. 3.) Defendant sought compensatory educational
services, including, but not limited to, placement for R.H. at
ABC Group for the 2011-2012 and 2012-2013 school years, assistive
technology, vision therapy, and parent training for implementing
a communication system.

At a pre-hearing conference, held on August 22, 2011, the
Parties agreed that the Family would obtain the vision and
audiological evaluations of R.H. The Family would then provide
the reports to the DOE.[4] (Admin. R. Ex. 5, Letter from
Administrative Hearings Officer Haunani H. Alm, Aug. 22, 2011.)

On November 21, 2011, the Hearings Officer issued an Order,
clarifying the scope of the proceedings. R.H.'s entitlement to
compensatory education, based on the denial of a FAPE during the
statutory period established in DOE-SY1011-099, February 25, 2009
through February 25, 2011, was the sole issue before the Hearings
Officer. (Admin. R. Ex. 22, Second Pre-Hearing Order, Nov. 21,
2011 at ¶ 8.) The Family was required to prove, by a
preponderance of the evidence, R.H.'s entitlement to
compensatory education, including the appropriate amount and type
of compensatory education. (Id.)

---

[4]     The Hearings Officer rejected the DOE's argument that
the due process request was impermissibly filed before a vision
evaluation was completed. The Hearings Officer determined that
the June 2011 Decision and Amendment did not require that a
vision evaluation be completed prior to initiating the
proceeding. (Admin. R. Resp. Ex. 24, Order Denying Respondent's
Motion, Jan. 30, 2012, at pg. 5.)

A hearing on the matter was held on April 23 and 24, 2012, after multiple continuances.  The Family called a private psychologist, Dr. Karen Tyson, and the Chief Executive Officer and Director of ABC Group, Amy Wiech, as witnesses.  The DOE called a DOE educational audiologist, Dr. Kristine Takekawa, a DOE itinerant teacher for the visually impaired, Sherri Gelbard, and a DOE clinical psychologist, Dr. Joseph Acklin, as witnesses.

On July 25, 2012, the Hearings Officer issued a Decision. The July 2012 Decision awarded R.H. compensatory education at ABC Group for summer 2011 Extended School Year and the 2012-2013 school year, including summer Extended School Year. (July 2012 Decision at pg. 17.) The Hearings Officer concluded that the DOE's witnesses lacked knowledge of R.H.'s needs and provided testimony that did not sufficiently address the compensatory education issue, with regard to the denial of FAPE in DOE-SY1011-099. (July 2012 Decision at ¶¶ 51-52.)

The DOE appeals the July 2012 Administrative Decision.


## STANDARD OF REVIEW


A court evaluating an appeal of an administrative decision under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., receives the records of the administrative proceedings and may hear additional evidence at

the request of a party. 20 U.S.C. §  1415(i)(2)(C). A court shall grant such relief as it court determines is appropriate, based on a preponderance of the evidence. Id.

### A.   Burden of Proof

The burden of proof in an appeal, under the IDEA, is placed upon the party seeking relief, whether that is the child or the school district. Hood v. Encinitas Union Sch. Dist., 486 F.3d 1099, 1103 (9th Cir. 2007).

As the party challenging the Administrative Decision, Plaintiff Hawaii Department of Education bears the burden of demonstrating, by a preponderance of the evidence, that the Administrative Hearings Officer's July 25, 2012 Decision should be reversed. Hood, 486 F.3d at 1103; J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist., 626 F.3d 431, 438 (9th Cir. 2010).

### B.   Deference to the Administrative Decision

A reviewing court must give "due weight" to the administrative decision, and must not "substitute their own notions of sound educational policy for those of the school authorities which they review." Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 206 (1982).

The court, however, has discretion to decide the amount of deference it gives to the administrative findings.  County of San

12

Diego v. California Spec. Educ. Hearing Office, 93 F.3d 1458, 1466 (9th Cir. 1996).  When determining the level of deference to accord the hearings officer's findings, the court may give greater deference when the hearings officer's findings are "thorough and careful." Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 891 (9th Cir. 1995), *aff'd after remand on other issues*, 462 Fed.Appx. 745 (2011).

## ANALYSIS

### I.    THE JULY 25, 2012 ADMINISTRATIVE DECISION AWARDING COMPENSATORY EDUCATION IS AFFIRMED

Plaintiff Department of Education of the State of Hawaii ("DOE") appeals the July 25, 2012 Decision ("July 2012 Decision")of the Administrative Hearings Officer ("Hearings Officer"), in DOE-SY1112-002. The July 2012 Decision awarded compensatory education to R.H. for the 2012-2013 school year and summer Extended School Year at a private school, Autism Behavior Consulting Group, Inc. ("ABC Group").

The July 2012 compensatory education award stemmed from the finding in a previous case, DOE-SY1011-099, that R.H. was denied a free appropriate public education ("FAPE"), in violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 <u>et.</u>

13

seq. ("IDEA"). The Hearings Officer determined, in the previous case, that more information was required to decide the claim for compensatory education.

Defendant R.H., by and through her Guardian, K.R., ("Defendant" or "the Family"), filed the case at issue, DOE-SY1112-02, to determine the compensatory education claim from the previous case, including the extent of R.H.'s educational deficit and an appropriate remedy.

The DOE claims that the record does not support R.H.'s entitlement to compensatory education.

### A.    The Hearings Officer's Findings in the July 2012 Decision are Entitled to Deference

The Parties dispute the level of deference that should be given to the Hearings Officer's findings in the July 25, 2012 Decision. The DOE argues that the Decision is entitled to little deference because it omits relevant evidence, contains mistakes, and considers events that occurred prior to the time that DOE was found liable for violating the IDEA. Defendant argues for a higher level of deference, accorded to "thorough and careful" findings.

### 1. The Hearings Officer's Findings Are Thorough and Careful

A hearings officer's findings are considered "thorough and careful" when the hearings officer participates in the questioning of witnesses, includes a complete factual background, and a discrete analysis supporting the ultimate conclusions. R.B., ex rel. F.B.v. Napa Valley Unified Sch. Dist., 496 F.3d 932, 942 (9th Cir. 2007). A hearings officer's determination of a witness's credibility is generally entitled to deference. Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist., 267 F.3d 877, 889 (9th Cir. 2001).

The Hearings Officer's 18-page July 2012 Decision, includes sufficient factual background and analysis regarding R.H.'s entitlement to compensatory education and the appropriateness of services provided by ABC Group to remedy any educational deficit. The Hearings Officer also participated in witness questioning and showed a strong familiarity with the evidence in responding to the Parties' objections over the two-day hearing. (Admin. Tr. at 85:18-19, 96-97, 272:7-10, 280:20-282:3.)

### 2. The Hearings Officer Appropriately Considered Events from 2008

The DOE claims that the July 2012 Decision is entitled to minimal deference because the Hearings Officer improperly

considered events prior to the liability period established in the previous case.

In <u>Dep't of Educ. v. E.B.</u>, No. 05-00543, 2006 WL 1343681 (D. Haw. May 15, 2006), the Hawaii Federal District Court explained that compensatory education is an equitable remedy for a violation, as opposed to a separate claim. Events occurring outside the two-year statute of limitations for bringing an IDEA claim may not provide the basis for finding liability, but may be considered to provide context in awarding compensatory education. <u>Dep't of Educ. v. E.B.</u>, No. 05-00543, 2006 WL 1343681, at *4-5.

The Hearings Officer properly considered educational services provided to R.H. in 2008, which she determined were deficient, in crafting an appropriate compensatory education package. The award was properly based on the DOE's liability for denying R.H. a FAPE from February 25, 2009 through February 25, 2011. (July 2012 Decision at pg. 16.)

### 3. The Hearings Officer Appropriately Analyzed the Relevant Evidence

Some of the DOE's objections are different interpretations of the Hearings Officer's characterization and weighing of the evidence. <u>R.B., ex rel. F.B.v. Napa Valley Unified Sch. Dist.</u>, 496 F.3d 932, 942 (9th Cir. 2007). The Hearings Officer determined that the ABC Group made "hearing accommodations" for

R.H. (July 2012 Decision at pg. 12, ¶ 32.) The finding was based on ABC Group's efforts to help R.H. focus, such as providing earphones that block-out ambient noise. (Admin Tr. at 220.) The DOE claims that this finding is improper because R.H. does not suffer from a hearing impairment. (Opening Brief at pgs. 13-14, ECF No. 15.) There is no basis to question the Hearings Officer's characterization of the ABC groups efforts to help R.H. focus on her instruction.

The Hearings Officer also appropriately assessed the credibility of Psychologist Karen Tyson and determined which parts of her testimony were relevant. Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist., 267 F.3d 877, 889 (9th Cir. 2001)(hearings officer's determination of credibility of a witness is generally entitled to deference).

The Hearings Officer's lack of reliance on the DOE Witnesses' testimony was also appropriate. The Hearings Officer found that the DOE Witnesses (Audiologist Kristine Takekawa, Teacher for the Visually Impaired Sherri Gelbard, and Psychologist Joseph Acklin) did not know or work with R.H. and lacked knowledge of the services provided to R.H. at the Public School during the relevant statutory period. (July 2012 Decision at ¶¶ 51-52.) The Hearings Officer appropriately determined that the DOE Witnesses' testimony did not sufficiently address the issue of whether compensatory education was an appropriate remedy

for R.H. with regard to the denial of FAPE in the June 2011 Administrative Decision. (July 2012 Decision at ¶¶ 51-52.)

The DOE initially thought that it could rely on the record in the prior case, DOE-SY1011-099, finding that R.H. was denied a FAPE. (Admin. Tr. at 32-33, 38.) The DOE specifically wished to rely on evidence regarding R.H.'s classroom experience during the period of liability. (Id.) Prior to the Administrative Hearing, the Hearings Officer explained that the record in the prior case could not be used. The Hearings Officer offered the DOE the opportunity to continue the Hearing to obtain additional witnesses it believed would support its claim that compensatory education was not warranted. The DOE declined the offer. (Admin. Tr. at 42-45.)

The DOE overstates the importance of minor errors in the July 2012 Decision. The Hearings Officer's error in referring to Dr. Liao's ophthalmological exam as a functional vision assessment, does not affect the merits. The fact that Teacher Gelbard performed a Functional Vision Assessment of R.H. in February 2012 (Admin. R. Resp. Ex. 13) should have been included. The Functional Vision Assessment, however, is not relevant to R.H.'s entitlement to compensatory education for having suffered an educational deficit between 2009 and 2011. The Functional Vision Assessment, in fact, confirms the appropriateness of ABC Group's services for R.H.

18

The Hearings Officer's findings in the July 2012 Decision are thorough and careful. The July 2012 Decision is entitled to substantial deference. Capistrano Unified Sch. Dist., 59 F.3d at 891.

### B.   R.H.'s Entitlement to Compensatory Education

The DOE contends that the award of compensatory education is not supported by the record because no educational deficit was created by the denial of FAPE.

### 1.   Standard for Awarding Compensatory Education

Compensatory education is an equitable remedy that attempts to account for the educational deficit caused by a deprivation of educational services that a student should have received in the first place. R.P. ex rel. C.P. v. Prescott Unified Sch. Dist., 631 F.3d 1117, 1125 (9th Cir. 2011). It seeks to "place disabled children in the same position they would have occupied but for the school district's violation of IDEA." Id. (quoting Reid ex rel. Reid v. Dist. of Columbia, 401 F.3d 516, 518 (D.C.Cir. 2005)). Courts and hearings officers may award compensatory educational services at their discretion, often in the form of prospective injunctive relief. Reid ex rel. Reid, 401 F.3d at 523.

The Ninth Circuit Court of Appeals has held that when a FAPE has been denied, "it may be a rare case when compensatory education is not appropriate." <u>Parents of Student W. v. Puyallup Sch. Dist. No.3</u>, 31 F.3d 1489, 1497 (9th Cir. 1994.)

## 2.    R.H. is Entitled to Compensatory Education

The Hearings Officer determined that a preponderance of the evidenced showed that R.H. suffered a deprivation of educational services prior to enrolling in ABC Group. (July 2012 Decision at pg. 10, ¶ 9.) The Hearings Officer, in determining that the DOE's failure to provide services caused an educational deficit, relied on evidence of R.H.'s abilities and behavior at the Public School, compared with her improvement at ABC Group. (<u>Id.</u> at pgs. 9-11, ¶¶ 2-18.)

In early 2011, when R.H. first left the Public School, R.H. had significant communication, social, and functional deficits. (Admin Tr. at 69:2-15.) R.H. had very limited speaking ability and delayed speech. (Admin Tr. at 51-52.) Her language skills were assessed at the six-month to eighteen-month level. (<u>Id.</u>) R.H. exhibited numerous maladaptive behaviors, such as protests, swearing, yelling, and engaging in property destruction. R.H. was unable to sit and learn. (Admin Tr. at 155-158.) The inappropriate behaviors were the same type as those described in R.H.'s IEPs from the Public School. (Admin. Tr. at 232:16-20.)

The Hearings Officer determined that R.H.'s lack of progress and behavior issues were, in part, due to the DOE's failure to provide consistent specific strategies to help R.H. address her unique needs. (July 2012 Decision at pg. 9, ¶¶ 6-7.)

The finding is supported by R.H.'s significant progress since she began attending ABC Group. (Admin Tr. at 90-91; 133.) R.H. has increased her verbal requests and dramatically decreased her maladaptive behaviors. (Admin. Tr. at 165-168.) The Hearings Officer found that improvement "could not be more in direct contravention" of the educational program implemented by the Public School, where R.H.'s level of performance "remained virtually the same year after year, during 2008-2011." (July 2012 Decision at pg. 13, ¶ 36.)

The June 2011 Decision and Amendment, finding that R.H. was procedurally and substantively denied a FAPE, provide the basis for the compensatory education claim. The June 2011 Decision, as described by the Amendment, "is replete with examples" of how the DOE failed to address R.H.'s unique educational and functional needs, resulting in a substantive denial of a FAPE:

> [R.H.] suffers from multiple, severe, cognitive, speech, language, visual, adaptive skills, and behavioral deficits. [R.H.] was denied a FAPE for two years, because, *among other things,* the DOE failed to properly evaluate [R.H.], *failed to develop an appropriate program to address each of her many unique needs,* and failed to ensure that [R.H.'s Guardian] was able to meaningfully participate in the IEP formulation process.

(Admin. R. Resp. Ex. 6, Amendment to the June 2011 Decision at pg. 2)(emphasis added). The Hearings Officer found that R.H.'s IEPs from 2008 through 2010 indicated that R.H.'s level of academic achievement and functional performance did not improve. (June 2011 Decision at ¶¶ 49-50.)

The Hearings Officer's Second Pre-Hearing Order, issued on November 21, 2011, explained that the issues determined in the June 2011 Decision and Amendment would not be relitigated in the hearing for compensatory education. (Admin R. Ex. 22, Second Pre-Hearing Order at ¶ 8.) The sole issue in the compensatory education case, as explained in Second Pre-Hearing Order, was "proof of the student's need for compensatory education based on the denial of a [FAPE] in DOE-SY1011-099," and "the amount and type of compensatory education, among other things, that [the Family] is seeking for the student." (Id.)

> a.   **The Educational Deficit Did Not Need to Be Based Upon the DOE's Failure to Provide Appropriate Vision and Hearing Services to R.H.**

The DOE contends that there was never a finding that R.H. lacked services or supports allowing R.H. to benefit from her education. (Opening Brief at pgs. 16-17, ECF No. 15; Reply at pg. 11, ECF No. 18.) The DOE claims that R.H. does not suffer from an educational deficit, because the Public School properly addressed

her vision and hearing needs. (Opening Brief at pgs. 26-38, ECF No. 15.)

The DOE misstates the scope of the compensatory education claim. Nothing limited the basis for the award of compensatory education to the results of the vision and audiological assessments. At the hearing on November 21, 2011, the Hearings Officer stated:

> FAPE was not offered from 2009 through 2011. So based on that, the sole issue is compensatory education based on that entire denial of FAPE, not just on the vision. It's whatever was part of what was denied in the offer of FAPE for those school years.

(Admin. Tr. Nov. 21, 2011, 11:15-20, ECF No. 11.) The Hearings Officer went on to reference the June 2011 Decision and Amendment in Case No. DOE-SY1011-099, and the extensive findings of the ways in which R.H. was denied a FAPE. (Id. at 11:19-21.)

The Hearings Officer clearly indicated in the June 2011 Decision and Amendment that there were multiple problems with the DOE's educational program that did not address R.H.'s "unique educational and functional needs." (Admin. R. Resp. Ex. 6, Amendment to the June 2011 Decision at pg. 2; Ex. 5, June 2011 Decision at pgs. 45-46.)

The Hearings Officer determined that she required a current eye exam to assess R.H.'s visual needs and determine an appropriate compensatory education program. The compensatory education award, however, was not limited to R.H.'s vision needs:

23

> [The Family's] request for compensatory education rests
> *in part*, on the DOE's responsibility and subsequent
> failure to obtain a current eye examination for [R.H.].

(<u>Id.</u>)(emphasis added). The Hearings Officer went on to list various deficits, other than vision, in which the DOE failed to address R.H.'s unique needs, including her adaptive skills and behavioral deficits. (Admin. R. Resp. Ex. 6, Amendment to the June 2011 Decision at pg. 2.)

A Pre-Hearing Order, in the instant case, also establishes that the compensatory education award was not limited to R.H.'s vision or hearing needs: "The Hearings Officer will hear evidence of the vision evaluation, hearing evaluation, and *other such evidence of [R.H.'s] need for compensatory education* based on the denial of FAPE for the 2010-2011 school year. (Admin R. Ex. 24, Order Denying Respondent's Motion, Jan. 30, 2012, at pg. 3 n.3)(emphasis added).

The DOE's assertion, that the compensatory education claim is limited to whether the DOE provided appropriate hearing and vision services, appears to rely on one sentence in the Amendment to the June 2011 Decision: "Compensatory education may be an appropriate remedy in this case." (Amendment to the June 2011 Decision at pg. 2.) The DOE raised the same argument prior to the Administrative Hearing (Admin Tr. at 33-34) and in its Closing Brief (Admin. R. Ex. 39 at 10.) The Hearings Officer's July 2012

Decision clearly rejected the limitation on the compensatory education claim. (July 2012 Decision at pg. 9-10.)

The DOE's interpretation is unreasonable, in light of the context provided by the Hearings Officer's Orders in the instant case, and the June 2011 Decision and Amendment in the previous case.

### b.   The DOE's Evidence Fails to Undermine R.H.'s Entitlement to Compensatory Education

The educational deficit caused by the DOE's failure to address R.H.'s behavioral and communication needs provides a basis for the compensatory education award, regardless of whether the DOE adequately served R.H.'s vision and hearing needs.

The DOE's Witnesses did not, in fact, establish that R.H.'s vision and hearing needs were being met. The DOE Witnesses called at the compensatory education hearing did not have knowledge of R.H.'s educational needs, performance levels, or educational deficits at the time she left Public School or presently.

The DOE sought to introduce, before this Court, R.H.'s attendance record at Public School during the relevant time period. The DOE claims that the R.H.'s lack of progress was due to her absences, as opposed to inadequate services. (Opening Brief at pg. 33 n.4, ECF No. 15.) R.H.'s attendance record was not introduced at the Administrative Hearing on compensatory education. Counsel for the DOE informed the Court that it had

25

been in evidence, however, in the prior proceeding as to the denial of a FAPE.

The impact of R.H.'s absences on her education was determined by the June 2011 Decision and Amendment, which were not appealed. The Hearings Officer properly found that the issues determined by the June 2011 Decision and Amendment would not be relitigated at the hearing on compensatory education. (Admin. R. Ex. 22, Second Pre-Hearing Order at ¶ 8.)

It would also be improper for the Court to consider the attendance record, even if it were not barred by the June 2011 Decision and Amendment. The DOE provided no explanation for failing to introduce the attendance record at the Administrative Hearing on the compensatory education claim. The attendance record would improperly change the character of the review hearing into a trial de novo. Ojai Unified School Dist. v. Jackson, 4 F.3d 1467, 1473 (9th Cir.1993), cert. denied, 115 S.Ct. 90 (1994).

The evidence supports the finding that R.H. suffered an educational deficit from the denial of FAPE, spanning from February 2009 until February 2011.

**C.   The Award of Compensatory Education at ABC Group for the 2012-2013 School Year and Summer Extended School Year is Appropriate**

The inquiry as to an appropriate compensatory education remedy must be fact-specific and reasonably calculated to provide

the educational benefits that would have accrued from special education services that should have been provided to the child in the first place. Reid ex rel. Reid, 31 F.3d at 524. An appropriate compensatory education award must be designed to ensure that a student is appropriately educated within the meaning of the IDEA. Park ex rel. Park v. Anaheim Union High Sch. Dist., 464 F.3d 1025, 1033 (9th Cir. 2006.) There is no need to provide a day-for-day compensation for time missed. Id. It is appropriate to rely on expert testimony to support an appropriate compensatory education award. Dep't of Educ. v. E.B., No. 05-00543, 2006 WL 1343681, at *5 n.9.

The testimony of Psychologist Tyson and ABC Director Weich supports the finding that another year of compensatory education is required to allow R.H. to "catch up" before possibly returning to Public School. (Admin. Tr. at 89-92, 216-217.) Psychologist Tyson testified that R.H. has made "extraordinary gains" in her basic communication and behavior, which will allow her to become more exposed to typical children. (Admin. Tr. at 69-70.) Psychologist Tyson testified that R.H. now has the foundation to be able to learn, but she needs another year of intensive services at ABC Group before she may be ready to return to a more mainstreamed program at a public school. (Admin. Tr. at 89-90.)

Psychologist Tyson and ABC Director Weich testified as to appropriate services for R.H. going forward, and the ways ABC

Group is prepared to address her needs. (Id. at 69-71, 173-205.) Such services include strategies to accommodate R.H.'s vision needs and help build communication, behavioral, and functional skills. (Id.) Their testimony supports the compensatory education award and its ability to ensure that R.H. is appropriately educated within the meaning of the IDEA.

Counsel for the Family informed the Court, at the June 17, 2013 hearing on the appeal of the Administrative Decision, that R.H. stopped attending ABC Group in September 2012. She has been in Micronesia. The illness of her Guardian has, so far, prevented her return to Hawaii. The Court's Decision makes no findings with respect to the implications of R.H.'s absence from ABC Group, during the period of the compensatory education award.

## II.  ATTORNEYS' FEES

Attorneys' fees may be awarded to a prevailing parent under the IDEA at the Court's discretion. 20 U.S.C. § 1415(i)(3)(B)(i). A prevailing party is one that "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Van Duyn ex rel. Van Duyn v. Baker Sch. Dist., 502 F.3d 811, 825 (9th Cir. 2007).

Defendant is the prevailing party. Defendant may file a post-judgment motion for attorneys' fees and costs related to the

Appeal of the Hearings Officer's July 2012 Decision, pursuant to Local Rule 54.3.

The Department of Education's request for attorneys' fees and costs (Complaint at pg. 6, ECF No. 1) is **DENIED**.


## CONCLUSION


The July 25, 2012 Decision of the Administrative Hearings Officer, awarding R.H. compensatory education at ABC Group for the 2012-2013 school year and 2013 summer Extended School Year, is **AFFIRMED**.


IT IS SO ORDERED.

DATED:     July 1, 2013, Honolulu, Hawaii.



                                    /S/ Helen Gillmor
                        _____
                        Helen Gillmor
                        United States District Judge

_____

DEPARTMENT OF EDUCATION, STATE OF HAWAII v. R.H., by and through her Guardian, K.R.; Civ. No. 12-00481-HG-RLP; ORDER AFFIRMING ADMINISTRATIVE HEARINGS OFFICER'S DECISION